UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| DEBORAH DURACYZNSKI, ET AL. | * | CIVIL ACTION NO. 12-2252 |
| Plaintiffs | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| VERSUS | * | |
| | * | |
| | * | MAGISTRATE: 5 |
| BANK OF AMERICA CORPORATION, ET AL. | * | MAG. ALMA CHASEZ |
| | * | |
| Defendants | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER AND REASONS**

The matter before the Court is a Motion to Dismiss for Failure to State a Claim (Doc. 8) filed by Defendants Bank of America ("BOA") and Countrywide Financial Corporation ("Countrywide") (collectively "Defendants").  For the following reasons the Motion is DENIED.


**BACKGROUND**

Deborah Bulliard (Duraczynski) ("Deborah"), along with 288 other non-New York class

members, filed suit in New York state court against various defendants ("New York defendants"), including BOA and Countrywide.  (Doc. 8-2 at 1.)  The New York plaintiffs alleged that damages arose from various business practices employed by New York defendants including, but not limited to, deceptively inducing plaintiffs to enter into mortgages, unlawful sale of mortgage-backed securities, unlawful foreclosure practices, improperly processing loan modification requests in good faith, and depriving plaintiffs of the right to contract.  (*Id.* at 5.)

The New York defendants filed a motion to dismiss which was granted.  (*Id.*)  The proposed order gave the New York Judge two grounds to dismiss the action against defendants.  The first was pursuant to CPLR 3211(a)(1) and (7) for failure to state a claim.  The second was dismissal on grounds of *forum non conveniens*.  (Doc. 8-6 at 1.)  Ultimately, the New York Judge signed the proposed order thereby dismissing the case "with prejudice" against all plaintiffs, including Deborah.  *(Id*.)  Subsequently, Deborah and her husband, Guy Bulliard ("Guy"), filed this action in the Eastern District of Louisiana with similar allegations.

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim.  (Doc. 8.)  Plaintiff opposed the Motion (Doc. 11) and Defendants filed a Reply (Doc. 15).

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

      To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (quotations and citation omitted). Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir.2000)).   Ultimately, If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**LAW AND ANALYSIS**

For the reasons that follow the Court finds that there is insufficient evidence in the record to show that the New York state court disposed of the Plaintiffs' claims on the merits.  Accordingly this decision is not *res judicata* and Defendants Motion to Dismiss is denied.

I.      *Arguments of the Parties*

Defendants seek to dismiss all of Plaintiffs' claims with prejudice under Rule 12(b)(6) for failure to state a claim.  (Doc. 8 at 1.)  Defendants argue their claims were properly adjudicated in a prior action in a New York state court.  (*Id.*)  Defendants aver that because the New York state court dismissed that action "with prejudice," then the instant matter is barred by *res judicata*.  (*Id.*)  In opposition, Plaintiffs argue that the New York state court dismissed the action on two conjoint grounds and therefore the action is not barred by *res judicata*.  (Doc. 11 at 3.)  Specifically, Plaintiff contends that because *forum non conveniens* is one of those grounds then the instant matter is not barred.  (*Id.*)  Defendants reply and maintain that because the New York state court dismissed the action "with prejudice" then this conveys that the New York court dismissed Plaintiffs claims on the merits.  (Doc. 15.)

II.     *Res Judicata*

A.      <u>Motion to Dismiss</u>

As an initial matter this Court notes that dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate if "the elements of *res judicata* are apparent on the face of the

pleadings." *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). "In addition to facts alleged in the pleadings, however, the district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996)). A court may take judicial notice of public records such as prior judgments. *Norris*, 500 F.3d 454, 461 (5th Cir. 2007). If a court decides to takes judicial notice of "matters in the public record, and items appearing in the record of the case, all may be considered along with the pleadings in Rule 12(b)(6) determinations." *Hall v. United States*, No. CIV. A. 6:06-CV-528, 2008 WL 276397, at *3 n.5 (E.D. Tex. Jan. 30, 2008).

Based on the foregoing, the Court will take judicial notice of the New York State court pleadings and consider them in its determination of the instant motion.

B.    <u>Generally</u>

*Res judicata* ensures the finality of a judgment. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). In essence, under *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that [prior] action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). Moreover, *res judicata* protects "[a]gainst 'the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*

*v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)).

Claim preclusion and issue preclusion collectively define the doctrine of *res judicata*. *Id*. "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (2008) (quoting *New Hampshire v. Maine*, 121 S.Ct. 1808 (2001)).  "Issue preclusion, in contrast, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id.* (quotations omitted).

C.     New York Res Judicata Law Applies

Under 28 U.S.C. § 1738, the federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Lance v. Dennis*, 546 U.S. 459, 466 (2006) (quotations and citations omitted). The judgment to which Defendants wish the Court to refer is from New York.  Therefore, this court must look to New York's rule on *res judicata*.

New York courts have adopted the transactional analysis approach in deciding *res judicata* issues.  *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981).   Thus, in New York, "under the doctrine of *res judicata*, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if

based upon a different theory involving materially different elements of proof." *Goldman v. Rio*,

104 A.D. 729, 730 (2013) (quotations and citations omitted).

      D.    <u>Final Disposition on the Merits</u>

The Court finds that Defendants have not shown that the New York state court disposed

of the case on the merits.  Accordingly, *res judicata* does not apply and Defendants' Motion is

denied.

Defendants attach plaintiffs' complaint in the New York state court proceedings, the New

York defendants' Motion to Dismiss the New York state court proceedings, and the Judge's Order

dismissing the New York state court proceedings.  The Order states the following:

> Upon Notice of Motion dated March 9, 2012 of defendants Bank of America Corporation, Countrywide Home Loans, Inc., ReconTrust Company, N.A. (incorrectly sued as Recon Trust Company) and CTC Real Estate Services (incorrectly sued as CT Real Estate Services, Inc.) (collectively, "Defendants") for an order (I) pursuant to CPLR 3211(a)(1) and (7) dismissing this action as against Defendants; and (ii) in the alternative, pursuant to CPLR §§ 327(a) dismissing the claims of each of the 288 non-New York Plaintiffs on grounds of forum non conveniens and in the Affirmation of Scott H. Kaiser, Esq. in support of Defendants' motion, dated March 9, 2012 with exhibits annexed thereto; and
>
> This Court having rendered the attached decision and order dated April 13, 2012 and entered on April 16, 2012 in the Office of the Clerk of the County of New York, granting Defendants' motion on default;
>
> NOW, on motion of Bryan Cave LLP, attorneys for the Defendants, it is hereby ORDERED that Plaintiffs' claims against Defendants are dismissed with prejudice.

(Doc. 8-6.)   Because the Court does not provide the reasons for the decision referenced in the

Judge's Order this Court must determine whether dismissing the case "with prejudice" is a final

disposition on the merits.

Customarily, "[a] dismissal with prejudice clearly constitutes an adjudication on the merits," and that "[a] dismissal without prejudice only 'indicates,' as a general matter, that there has been no adjudication on the merits of the claim." *Goldstein v. N.Y. State Urban Dev. Corp.*, 13 N.Y.3d 511, 544 (2009). Thus, "a dismissal 'with prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff." *Yonkers Contracting Co., Inc. v. Port Auth. Trans-Hudson Corp.*, 93 N.Y.2d 375, 380 (1999) (citations omitted). In the end, some courts "[h]ave used the phrase 'with prejudice' interchangeably with 'on the merits' to suggest the same preclusive effect." *Id*.

On the other hand, an action dismissed "with prejudice" may not necessarily be a decision based on the merits. Specifically, "[w]hen a complaint is dismissed on *forum non conveniens* grounds, it is 'dismissed with prejudice,' precluding plaintiffs from further presenting their claims in courts of this State." *Purgatorio*, 198 A.D.2d 37, 38 (1993) (citing *Brown v. Bullock*, 17 A.D.2d 424, 428 (1962)). Thus, even though a case is dismissed "with prejudice" on grounds of *forum non conveniens*, "[i]t is not an adjudication of the merits of his claim, and obviously is no bar to prosecution of the suit in the proper jurisdiction." *Brown*, 17 A.D.2d at 428.

Here, the Court has not been provided with a complete record of the New York state court action. Missing from the record are the New York court's reasons for dismissing the action. Because the New York state court included *forum non conveniens* in its order dismissing the New

-8-

York action, the Court cannot determine whether the "with prejudice" was based on the merits or on *forum non conveniens* grounds without its reasons.  As such, this Court is unable to determine whether the instant matter is barred by *res judicata*.

Because Defendants cannot show that the New York matter was a final disposition on the merits this Court pretermits discussion of whether the instant litigation bears the same parties and/or arises out of the same transaction or out of the same or related facts as the New York state suit.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.  (Doc. 8.)

New Orleans, Louisiana on this 18th day of July, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**